UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| In re: | ) | Case No. 11-10112 |
| | ) | |
| NICHOLAS GRAVEL and | ) | Chapter 13 |
| AMANDA GRAVEL, | ) | |
| Debtors. | ) | |
| | ) | |
| In re: | ) | Case No. 11-10281 |
| | ) | |
| ALLEN BEAULIEU and | ) | Chapter 13 |
| LAURIE BEAULIEU, | ) | |
| Debtors. | ) | |
| | ) | |
| In re: | ) | Case No. 12-10512 |
| | ) | |
| MATTHEW KNISLEY and | ) | Chapter 13 |
| EMILIE KNISLEY, | ) | |
| Debtors. | ) | |
| | ) | |

**EMERGENCY CONSENTED TO MOTION OF PHH MORTGAGE CORPORATION
TO STAY THE COURT'S SEPTEMBER 12, 2016 ORDER PENDING APPEAL**

PHH Mortgage Corporation ("PHH"), by and through its attorneys, Primmer Piper

Eggleston & Cramer PC, pursuant to Fed. R. Bankr. P. 8007, respectfully moves this Court for a

stay of the Court's September 12, 2016 Order Granting Trustee's Motions to Sanction PHH,

Disallowing PHH's Post-Petition Charges, and Directing PHH to Pay Sanctions to Legal

Services Law Line of Vermont (Doc. 83 in *Gravel*; Doc. 100 in *Beaulieu*; Doc. 56 in *Knisley*),

pending PHH's appeal of the Order to the United States District Court for the District of

Vermont.  The Chapter 13 Trustee (the "Trustee") has consented to a stay of the Order pending

PHH's appeal, without the posting of a bond.

**Background**

PHH seeks to maintain the status quo pending the appeal of the Court's September 12,

2016 Order Granting Trustee's Motions to Sanction PHH, Disallowing PHH's Post-Petition

*2537348.2*

Charges, and Directing PHH to Pay Sanctions to Legal Services Law Line of Vermont by September 26, 2016 (Doc. 83 in *Gravel*; Doc. 100 in *Beaulieu*; Doc. 56 in *Knisley*) (the "Order"). Pursuant to the Order, the Court has directed PHH to pay sanctions in the aggregate amount of $375,000 to a nonprofit legal services entity by September 26, 2016.

This Motion stems from three separate but related motions for contempt and sanctions filed by the Trustee in the above-captioned bankruptcy proceedings (collectively, the "Bankruptcy Cases") on June 13 and 14, 2016 (Doc. 75 in *Gravel*; Doc. 90 in *Beaulieu*; Doc. 50 in *Knisley*) (collectively, the "Contempt Motions"). Pursuant to the Order and accompanying Memorandum of Decision dated September 12, 2016 (Doc. 82 in Gravel; Doc. 99 in *Beaulieu*; Doc. 55 in *Knisley*), the Court granted the Contempt Motions, finding: (1) PHH failed to comply with Bankruptcy Rule 3002.1 by sending the debtors mortgage statements that included charges more than 180 days old, without filing corresponding Rule 3002.1(c) notices; (2) in the *Gravel* and *Beaulieu* cases, PHH violated the Debtor's Current Orders by subsequently sending the debtors mortgage statements that included charges for which it had never sent a Rule 3002.1(c) notice; and (3) neither the debtors, nor the Trustee, suffered any direct financial or economic harm as a result of PHH's conduct, but rather the harm "was to the integrity of the bankruptcy system as a whole."

The Order imposes the following sanctions on PHH, to be paid to Legal Services Law Line of Vermont by September 26, 2016:

(1) in the *Gravel* case, PHH Mortgage Corporation shall pay a $25,000 sanction for its failure to comply with Rule 3002.1(c), plus a $200,000 sanction for its violation of the Order Declaring the Debtors Current, for a total sanction of $225,000 (two hundred twenty-five thousand dollars);

2

(2) in the *Beaulieu* case, PHH Mortgage Corporation shall pay a $25,000 sanction for its failure to comply with Rule 3002.1(c), plus a $100,000 sanction for its violation of the Order Declaring the Debtors Current, for a total sanction of $125,000 (one hundred twenty-five thousand dollars); and

(3) in the *Knisley* case, PHH Mortgage Corporation shall pay a sanction of $25,000 (twenty-five thousand dollars) for its failure to comply with Rule 3002.1(c).

As set forth in detail below, PHH is entitled to a stay of the Order pending appeal because PHH is likely to succeed on the merits of the appeal, a stay would avoid irreparable harm for PHH, and maintenance of the status quo will not harm, but rather further the public interest. Accordingly, PHH requests a stay of the Order pending appeal, to which the Trustee has consented.

## **Legal Standard**

Pursuant to Bankruptcy Rule 8007, a motion for a stay or other relief pending appeal is presented in the first instance to the Bankruptcy Court. In determining whether to grant a stay pending appeal, the Court should consider the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re DuCharme*, No. 06-10154, 2008 WL 4488965, at *1 (Bankr. D. Vt. Oct. 2, 2008) (quoting *In re World Trade Center Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007)).

It is well established that the four factors are weighed on a "sliding scale" basis, which means that "the necessary level or degree of possibility of success will vary according to the court's assessment of the other stay factors." *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir.

2006) (citations and internal quotations omitted).  "Simply stated, more of one excuses less of the other." *Id.*  Here, each of these factors weighs in favor of granting a stay.

Additionally, where a party's appeal presents an issue or issues of first impression in a circuit, the likelihood of success on the merits factor weighs in favor of granting a stay. *See Jock v. Sterling Jewelers, Inc.*, 738 F. Supp. 2d 445, 447 (S.D.N.Y. 2010); *In re Genesis Health Ventures, Inc.*, 367 B.R. 516, 521 (Bankr. D. Del. 2007) (staying order because "[w]hen a circuit court has not yet decided an issue of law, there may be substantial grounds for a difference of opinion"). The Second Circuit has not determined whether bankruptcy courts maintain inherent powers to impose substantial noncompensatory punitive sanctions, as imposed by the Order, nor has the Second Circuit imposed sanctions for violations of Rule 3002.1 or provided any clarification as to what constitutes appropriate relief for violation of that Rule.  Accordingly, PHH's appeal presents issues of first impression, weighing in favor of a stay.

## Argument

### A.  PHH Has A Likelihood of Success on Appeal.

Pursuant to the Order, the Court imposed two tiers of sanctions.  Under the first tier, PHH was sanctioned $25,000 in each bankruptcy case, $75,000 in total, for failing to comply with Bankruptcy Rule 3002.1.  In *Gravel* and *Beaulieu*, the Court also imposed sanctions in the aggregate amount of $300,000 ($200,000 in *Gravel* and $100,000 in *Beaulieu*) for PHH's alleged violation of the Debtor's Current Orders by sending mortgage statements that included charges for which it had never sent Rule 3002.1(c) notices.

In imposing such sanctions, the Court did not find that the PHH engaged in bad faith, nor did the Court find the PHH's conduct caused any direct financial or economic harm to the debtors or the Trustee.  Rather, acknowledging that Rule 3002.1 is silent on what constitutes

4

"appropriate relief" for violation of Rule 3002.1, the Court awarded $375,000 in non-compensatory punitive sanctions to a non-party, non-profit entity, pursuant to its inherent power and authority under 11 U.S.C. § 105.

The Court exceeded its inherent power and authority under 11 U.S.C. § 105 by imposing such significant noncompensatory punitive sanctions given that: (i) the sanctions are not tied to a finite cost or fee, (ii) bankruptcy courts are not Article III courts, have limited jurisdiction, and lack the capability to provide the necessary procedural protections for such punitive measures, and (iii) § 105 is prospective rather than retrospective so as not to encompass a power to award criminal-like punitive sanctions. Moreover, the sanctions imposed are not proportional to the conduct alleged given that PHH did not engage in any bad faith conduct or harm the debtors or the Trustee. Nor does the Order take into account whether the amount of sanctions imposed is the minimum amount necessary to deter undesirable behavior. For these reasons, the sanctions were imposed in error and PHH is likely to succeed on the merits of its appeal.

**B. PHH Will Be Irreparably Harmed Absent a Stay.**

PHH will suffer irreparable harm absent the granting of a stay because once the sanctions are paid to Legal Services Law Line of Vermont, there is no method under the Bankruptcy Code to recover such monies in the event that the Order is reversed on appeal. In addition, given the high-profile nature of the Order, PHH would unnecessarily suffer irreparable harm to its business reputation, customer base and potential business partners if the Order is ultimately reversed on appeal.

5

### C. The Balance of Harms and the Public Interest Favor a Stay.

Finally, a stay will not substantially injure the other parties interested in the proceeding. The Order found that neither the debtors nor the Trustee suffered any direct financial or economic harm as a result of PHH's conduct. Therefore, they will not be harmed by the imposition of a stay pending disposition of the appeal. Moreover, the sanctions awarded pursuant to the Order are not payable to a party in interest, but rather to a nonprofit legal services entity that had no foreseeable expectation of such a windfall. As such, a delay in payment will not result in any harm to that entity. Moreover, the stay will further the public interest. The Trustee, who is the party responsible for filing the Contempt Motions, has consented to a stay of the Order pending appeal. There is no public interest in enforcing an Order that the Trustee has agreed to stay. Accordingly, the balance of equities weighs heavily in favor of a stay.

Based on the foregoing reasons, the record amply supports a stay pending appeal. However, should the Court decline to grant a stay pending appeal, PHH requests a brief stay to provide PHH an opportunity to apply to the District Court for such relief. *See Rodriguez v. DeBuono*, 175 F.3d 227, 235-36 (2d Cir. 1999) ("Such brief stays for a matter of days are frequently issued").

Dated: September 21, 2016.

PHH MORTGAGE CORPORATION

By:   /s/Alexandra Edelman
      Alexandra E. Edelman
      Douglas J. Wolinsky
      Primmer Piper Eggleston & Cramer PC
      150 South Champlain Street
      Burlington, Vermont 05402-1489
      (802) 864-0880
      aedelman@primmer.com
      dwolinsky@primmer.com

6